IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JESUS ALONZO, §  *Plaintiff*, § § | | |
| v. § | | C.A. NO.: 7:20-cv-407 |
| § CT RESTAURANTS, LP d/b/a CHURCH'S § CHICKEN and CAJUN OPERATING § COMPANY d/b/a CHURCH'S CHICKEN § *Defendants*. § | | |

## DEFENDANT CAJUN OPERATING COMPANY'S NOTICE OF REMOVAL

Defendant CAJUN OPERATING COMPANY d/b/a CHURCH'S CHICKEN files this Notice of Removal pursuant to 28 U.S.C. § 1441.

### I.   INTRODUCTION

1. Pursuant to 28 U.S.C. § 1441, *et seq.*, this civil action is removed from the 464th Judicial District Court of Hidalgo County, Texas, where this matter was pending under Cause No. C-3377-20-L, in a matter styled, *Jesus Alonzo v. CT Restaurant, LP d/b/a Church's Chicken and Cajun Operating Company d/b/a Church's Chicken.*

### II.   NATURE OF SUIT

2. Plaintiff's lawsuit arises from an alleged fall which Plaintiff alleges he suffered at Defendant's premises prior to the filing of Plaintiff's Original Petition. Plaintiff seeks actual damages, past and future physical pain and suffering, past and future mental anguish, past and future disfigurement, past and future physical impairment, past and future loss of earnings, past and future disfigurement, and past and future medical expenses. *See Tab 1*.

### III.    TIMELINESS OF REMOVAL

3.     Plaintiff commenced this lawsuit by filing her Original Petition on September 29, 2020 against CT Restaurants, LP d/b/a Church's Chicken. *Id.* Plaintiff's Petition asserts that she seeks monetary relief aggregating over two-hundred and fifty thousand dollars ($250,000) but less than one million dollars ($1,000,000). *Id.*

4.     Defendant CT Restaurants, LP filed its Verified Denial on October 27, 2020, denying that it was a proper party to this matter in that it did not own or maintain the premises at issue or employee or supervise the employees on premises.

5.     In response to CT Restaurants, LP's filing of its Verified Denial, Plaintiff filed her First Amended Original Petition on November 10, 2020, naming Defendant Cajun Operating Company d/b/a Church's Chicken as the responsible Defendant.

6.     Defendant Cajun Operating Company was served with citation on or about November 17, 2020.  Thus, pursuant to 28 U.S.C. § 1446(b)(3), this Notice of Removal is timely filed within thirty (30) days after receipt of information from which it may first be ascertained that the case is one which is or has become removable.

### IV.    BASIS FOR REMOVAL JURISDICTION

7.     Removal is proper under 28 U.S.C. §§1441 and 1332(a) because there is a complete diversity of citizenship between Plaintiff and Defendant Cajun in this lawsuit and the amount in controversy exceeds $75,000.00.  Further, no current properly joined Defendant is a citizen of Texas.

**A.    Proper Parties**

8.     Plaintiff is and was at the time of filing of this action, a resident of Hidalgo County, Texas.

9. Defendant Cajun Operating Company is organized and existing under the laws of Georgia. Accordingly, Defendant is a citizen of Georgia for purposes of diversity jurisdiction. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079-80 (5th Cir. 2008). Defendant Cajun Operating Company is the owner and operator of the Church's Chicken located at 2205 Nolana Avenue, McAllen, Texas; the subject store where the alleged incident giving rise to Plaintiff's cause of action occurred.

10. Although Defendant CT Restaurants, LP is a non-diverse party, they have been improperly joined in this lawsuit and is not a proper party to this lawsuit. Defendant CT Restaurants, LP did not own or operate the subject store where and when the alleged incident giving rise to Plaintiff's cause of action occurred.

**B.     Amount in Controversy**

11. The amount in controversy exceeds $75,000.00, exclusive of interest and costs. Plaintiff has asserted claims for past and future physical pain and suffering, past and future mental anguish, past and future disfigurement, past and future physical impairment, past and future loss of earnings, past and future disfigurement, and past and future medical expenses. Accordingly, it is "facially apparent" that Plaintiff's claims likely exceed $75,000.00, which is all that is required to satisfy the amount-in-controversy requirement. *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

## V.  NOTICE IS PROCEDURALLY CORRECT

12. Defendant has attached to this Notice of Removal the documents required by 28 U.S.C. § 1446(a) and Local Rule 81 as follows:

> A: Index of all attachments, including a copy of the state-court docket sheet and a copy of each document filed in the State Court Action;
>
> B: All executed process in the State Court Action; and
>
> C: List of all counsel, including addresses, telephone numbers and parties represented.

13. This action may be removed to this Court pursuant to 28 U.S.C. § 1441(b) because no properly joined and served Defendant is a citizen of Texas, the state in which the action was brought. This action is removable to this Court because this United States District Court and Division embraces the place where the State Court Action was pending. 28 U.S.C. §§124(a)(1), 1441(a).

14. In accordance with 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all parties and to the Clerk of the 464th Judicial District Court in Hidalgo County, Texas.

DATED:  December 11, 2020.

Respectfully Submitted,

**GAUNTT, KOEN, BINNEY & KIDD, LLP**

*/s/ Robert J. Collins*
**KARL W. KOEN**
State Bar No.: 11652275
karl.koen@gkbklaw.com

**ROBERT J. COLLINS**
State Bar No.: 24031970
robert.collins@gkbklaw.com

14643 Dallas Parkway, Suite 500
Dallas, Texas 75254
972-630-4620 – Telephone
972-630-4669 – Facsimile

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was forwarded to the following counsel of record pursuant to the Texas Rules of Civil Procedure, as indicated below, on this the 11th day of December, 2020.

**Via ProDoc**
Mr. Adam Joseph Flood
Mr. Leah Wise
Nava Law Group, P.C.
4909 Bissonnet Street, Suite 100
Bellaire, Texas 77401

*/s/ Robert J. Collins*
**ROBERT J. COLLINS**